

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 07, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENJAMIN P.,[1] | No. 1:25-CV-03133-MKD |
| Plaintiff, | ORDER AFFIRMING THE COMMISSIONER'S DECISION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 12, 16** |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 12, 16. Cory Brandt represents Plaintiff. Special Assistant United States Attorney Melissa DelGuercio represents Defendant. The Court, having reviewed the administrative record and

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

25cv177

ORDER - 1

the parties' briefing, is fully informed.  For the reasons discussed below, the Court affirms the Commissioner's decision.

## JURISDICTION

Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits on November 6, 2020, alleging disability beginning July 1, 2020.  Tr. 124, 463-87.  The applications were denied initially and upon reconsideration.  Tr. 124-25, 168-69.  An Administrative Law Judge (ALJ) held a hearing on October 12, 2022, Tr. 44-67, and issued an unfavorable decision on October 20, 2022.  Tr. 220-41.  The Appeals Council remanded the matter on September 11, 2023.  Tr. 242-48.  The ALJ held a second hearing on August 8, 2024, Tr. 68-95, and issued an unfavorable decision on November 8, 2024.  Tr. 14-43.  The Appeals Council denied review on July 15, 2025.  Tr. 1-6.  Plaintiff appealed this final decision on August 11, 2025.  ECF No. 1.

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

ORDER - 2

1158 (9th Cir. 2012) (citations omitted).  "Substantial evidence" means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation marks and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation marks and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*. (citation omitted).  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation marks and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 3

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the

ORDER - 4

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER - 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is

ORDER - 6

capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 1, 2020, the alleged onset date. Tr. 20.

At step two, the ALJ found that Plaintiff had the following severe impairments: cannabis use disorder; bilateral hip osteoarthritis, status-post total hip replacement; lumbar spine degenerative disc disease; hypertension; gastroesophageal reflux disease; anxiety disorder; and depressive disorder. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21

The ALJ then concluded that Plaintiff had the RFC to perform light work subject to the following additional limitations:

> [Plaintiff] is limited to occasional climbing ramps or stairs. [Plaintiff] cannot climb ladders, ropes or scaffolds. [Plaintiff] is limited to occasional balancing, stooping, crouching and kneeling. [Plaintiff] cannot crawl. [Plaintiff] is to avoid all exposure to extreme cold, industrial-levels of vibration, and hazards. Work is limited to simple routine tasks with occasional decision making and changes in the work setting. [Plaintiff] is limited to occasional interaction with supervisors, coworkers and the public.

Tr. 23.

ORDER - 7

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 33.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, to include marker; router; collator operator; and assembler, small products II.  Tr. 33-34.

Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the application date through the date of the decision.  Tr. 35.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

3.  Whether the ALJ erred at step five.

ECF No. 12 at 3.

ORDER - 8

## DISCUSSION

### A. Medical Opinion Evidence

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other

ORDER - 9

evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2) (emphases added). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs

ORDER - 10

(c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.*  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 792. However, the ALJ is not required to make specific findings regarding the relationship factors. *Id.*  Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.*

Plaintiff argues the ALJ improperly assessed four medical opinions.  ECF No. 12 at 6-11.

ORDER - 11

*1. Dr. White*

Dr. White provided a medical source statement on September 28, 2022, wherein the doctor opined, among other things, Plaintiff was limited to sedentary work, would be off task at least 50% of a workday, and would miss at least four days of work per month. Tr. 1125-26. The ALJ found the opinion unpersuasive. Tr. 30.

The ALJ first discounted the opinion as unsupported by the doctor's own September examination. Tr. 30 ("On exam, [Plaintiff's] physical examination findings and mental status were normal, and there is no documentation of any musculoskeletal deficits."). This finding is legally sound, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (an ALJ may discount a doctor's opinion when it is inconsistent with or unsupported by the doctor's own clinical findings), and substantial evidence supports it. *See* Tr. 1355 (September 28, 2022, treatment note indicating Plaintiff's current dose of medication "is working well for him"; Plaintiff has "[n]o pain"; and Plaintiff's physical and mental examinations are normal and unremarkable). The ALJ reasonably found the doctor's assessment conflicted with his stated opinion.

The ALJ also discounted Dr. White's opinion as inconsistent with the record. Tr. 30. This finding is legally sound, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may reasonably reject

ORDER - 12

doctors' opinions when they are inconsistent with or contradicted by the medical evidence), and substantial evidence supports it, *see, e.g.*, Tr. 1292 (December 19, 2023, treatment note indicating medication "alleviates most of [Plaintiff's] pain"); Tr. 1304 (April 18, 2023, treatment note indicating Plaintiff "states he is doing good, not having pain or swelling"); Tr. 1308 (February 24, 2023, treatment note indicating Plaintiff "does report that he has been very aggressive about his exercise routine, doing exercises on an hourly basis").

### 2. *Mr. Bullock*

Mr. Bullock provided a medical source statement on November 7, 2023, and opined, among other things, Plaintiff was limited to sedentary work, would be off task between 26%-50% of a workday, and would miss at least four days of work per month. Tr. 1220-21. The ALJ found the opinion unpersuasive. Tr. 31.

The ALJ first discounted Mr. Bullock's opinion as unsupported by his treatment notes. Tr. 31. As noted above, this finding is legally sound, *see Tommasetti*, 533 F.3d at 1041, and substantial evidence supports it, *see* Tr. 1236 (December 6, 2023, treatment note indicating Plaintiff "doing well with exercise program"); Tr. 1248 (November 3, 2023, treatment note indicating Plaintiff "tolerated therapy session well today"); Tr. 1250 (October 31, 2023, treatment note indicating Plaintiff "tolerated PT well" and "working hard with exercises"); Tr.

ORDER - 13

1257 (October 24, 2023, treatment note indicating the "clinical presentation is stable and/or uncomplicated").

The ALJ also discounted Mr. Bullock's opinion as inconsistent with the record. Tr. 31. As noted above, this finding is legally sound, *see Batson*, 359 F.3d at 1195, and substantial evidence supports it, *see, e.g.*, Tr. 1258 (August 22, 2023, treatment note indicating Plaintiff "has been noticing overall improvement with attending PT" and "is pleased with his progress so far and is hoping to continue").

*3. Mr. Knight*

On November 13, 2019, Mr. Knight opined, as relevant here, that Plaintiff "can sit for no longer than 10-20 minutes at a time before having to move around and adjust" and "can stand for perhaps 20 minutes before he has to sit down." Tr. 688. The ALJ found this opinion unpersuasive. Tr. 29.

The ALJ first discounted the opinion as inconsistent with the record. Tr. 29. For the reasons described above, in the context of Dr. White's opinion, the ALJ did not err by discounting Mr. Knight's opinion on this ground.

The ALJ also discounted the opinion as inconsistent with Mr. Knight's treatment notes. Tr. 29. As noted above, this finding is legally sound, *see Tommasetti*, 533 F.3d at 1041, and substantial evidence supports it, *see* Tr. 691 (January 28, 2020, treatment note assessing that Plaintiff's "[b]ack does seem stable"); Tr. 709 (February 1, 2021, imaging report ordered by Mr. Knight

ORDER - 14

indicating "no detectable signs of fracture, subluxation or other radiographic abnormality" and "soft tissues are unremarkable").

   *4. Dr. Peredo*

   Dr. Peredo provided a medical source statement on November 20, 2023, and opined, among other things, Plaintiff was limited to less than sedentary work, would be off task at least 50% of a workday, and would miss at least four days of work per month.  Tr. 1224-25.  The ALJ found this opinion unpersuasive.  Tr. 32.

   The ALJ first discounted the opinion as inconsistent with the record.  Tr. 31-32.  For the reasons described above, in the context of Dr. White's opinion, the ALJ did not err by discounting Dr. Peredo's opinion—which endorsed even greater limitations than Dr. White's opinion—on this ground.

   The ALJ also discounted the opinion as inconsistent with Dr. Peredo's treatment notes.  As noted above, this finding is legally sound, *see Tommasetti*, 533 F.3d at 1041, and substantial evidence supports it, *see* Tr. 1374 (February 8, 2024, treatment note indicating Plaintiff "denies any symptoms secondary to his high blood pressure" and that "[c]urrent pain treatment [is] effective"); Tr. 1377 (February 22, 2024, treatment note indicating, apart from GERD-management, Plaintiff "denies having any other problems at this time" and an unremarkable physical examination).

ORDER - 15

## B. Plaintiff's Testimony

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 12 at 11-15. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks and citation omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation marks and citation omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation and footnote omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as*

ORDER - 16

*amended* (Apr. 9, 1996)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ offered numerous reasons to discount Plaintiff's testimony, at least three of which the Court finds well supported. First, the ALJ discounted Plaintiff's

ORDER - 17

testimony as inconsistent with the objective medical evidence, to include the treatment record.  Tr. 25-27.  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."  *Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).  The ALJ did not err and relied on substantial evidence—including the treatment notes discussed above, in the context of Dr. White's and Mr. Bullock's opinions—by discounting Plaintiff's testimony on this ground.  *See also, e.g.*, Tr. 783-84 (March 19, 2021, mental status examination indicating all domains within normal limits).

Next, the ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's improvement with treatment.  Tr. 31.  "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)).  Substantial evidence supports this ground.  *See, e.g.*, Tr. 675 (August 21, 2019, treatment note indicating Plaintiff's medication "has helped him quite a bit with his symptoms.  Overall feels more [calm] [and] less anxious"); Tr. 1292 (December 19, 2023, treatment note indicating medication "alleviates most of [Plaintiff's] pain"); Tr. 1236 (December 6, 2023, treatment note indicating Plaintiff "doing well with exercise program");  Tr. 1248 (November 3, 2023, treatment note indicating Plaintiff "tolerated therapy session well today"); Tr. 1250 (October 31, 2023, treatment note indicating Plaintiff "tolerated PT well"

ORDER - 18

and "working hard with exercises"); Tr. 1370 (November 2, 2023, treatment note indicating Plaintiff's anxiety and depression are "well controlled" with medication). The ALJ thus reasonably relied on this ground to discount Plaintiff's testimony.

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with his activities, to include "taking care of pets/animals, preparing simple meals for himself, performing household chores, driving and shopping," being able to "ride a bike to his treatment provider," and "helping his parents in their yard, despite needing to take breaks." Tr. 25. An ALJ may consider activities that contradict a claimant's testimony. *Molina*, 674 F.3d at 1112-13. Substantial evidence supports this finding. *See, e.g.*, Tr. 561-64 (Plaintiff's function report listing daily activities); Tr. 583-86 (same); Tr. 675 (August 21, 2019, treatment note indicating Plaintiff "is riding his bike almost every day to stay active"). On this record, "the ALJ made a reasonable determination based on specific, clear, and convincing evidence that [Plaintiff's] daily activities were inconsistent with the alleged severity of [his] limitations." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Because the ALJ gave at least three valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *See Carmickle*, 533 F.3d at 1162.

ORDER - 19

## C. Step Five

Plaintiff argues "the vocational testimony [the ALJ] relied on without evidentiary value because it was provided in response to an incomplete hypothetical." ECF No. 12 at 15. This argument is foreclosed because, as discussed above, the ALJ properly evaluated the medical evidence and reasonably discounted Plaintiff's testimony. This restatement of Plaintiff's argument fails to establish error at step five. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 12**, is **DENIED**.

2. Defendant's Brief, **ECF No. 16**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED May 7, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 20